UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAY 26 PM3:03

DANIEL BENJAMIN GILBERT,

Plaintiff,

v.

ANTHROPIC PBC,

Defendant.

Civil Action No. _____

## COMPLAINT

Daniel Benjamin Gilbert ("Plaintiff") files this Complaint against Anthropic PBC

("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §

101 et seq., arising from Defendant's unauthorized downloading, reproduction, storage, and

retention of pirated copies of Plaintiff's copyrighted book, *Hacking World of Warcraft*.

### PARTIES

2.    Plaintiff is an individual residing in Easthampton, Massachusetts.

3.    Plaintiff is a co-author of *Hacking World of Warcraft* and a beneficial owner of the

exclusive right to reproduce copies of that work within the meaning of 17 U.S.C. § 501(b).

4.    Defendant is a Delaware public benefit corporation with its principal place of

business in San Francisco, California.

### JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

6.    This Court has personal jurisdiction over Defendant because Defendant purposefully directs its activities toward Massachusetts, including by offering and providing subscription-based products and services accessible to and used by residents and businesses in Massachusetts, entering into contracts with Massachusetts customers, and deriving substantial revenue from such activities.

7.    Defendant has registered with the Secretary of the Commonwealth to do business in Massachusetts and has appointed an agent for service of process in Massachusetts.

8.    Venue is proper in this District under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

**A.    The Work and Plaintiff's Interest**

9.    Plaintiff is a co-author of the book *Hacking World of Warcraft* (the "Work").

10.    The Work was created in 2006 and 2007 and first published in the United States on May 18, 2007.

11.    The Work is an original work of authorship fixed in a tangible medium of expression.

12.    The Work was registered with the United States Copyright Office under Registration No. TX 7-204-548 dated July 7, 2008.[1]

13.    The copyright registration identifies Daniel Gilbert and James Whitehead II as authors, and Wiley Publishing, Inc. ("Wiley") as the copyright claimant by written agreement.[2]

---

[1] Ex. A, Copyright Registration Certificate for *Hacking World of Warcraft*.

[2] Id.

14.    Under a publishing agreement dated July 20, 2006, Plaintiff granted Wiley the exclusive rights in the Work, and Wiley agreed to pay royalties to Plaintiff from the sale and licensing of the Work.[3]

15.    An amendment dated January 29, 2007 added James Whitehead II as a co-author under the agreement and provided that royalties and advances under the agreement would be divided 85% to Plaintiff and 15% to James Whitehead II.[4]

16.    Plaintiff therefore retains a beneficial ownership interest in the Work and in recoveries tied to infringement of the exclusive reproduction right, including the right to bring an action for infringement under 17 U.S.C. § 501(b).

17.    Paragraph 16 of the publishing agreement provides that if Wiley does not pursue an infringement claim after Plaintiff requests that it do so, Plaintiff may prosecute the action at Plaintiff's expense and any recovery belongs solely to Plaintiff. Plaintiff brings this action in his own name and not on behalf of Wiley.[5]

18.    On January 9, 2026, Plaintiff wrote to Wiley and requested that Wiley advise within thirty days whether it intended to pursue a copyright infringement claim arising from Defendant's unauthorized downloading, reproduction, storage, and retention of a pirated copy of the Work.[6]

19.    Wiley did not respond within that time.

---

[3] Ex. B, Publishing Agreement for *Hacking World of Warcraft* at 1–3.

[4] Ex. C, Publishing Agreement Amendment for *Hacking World of Warcraft* at 1.

[5] Ex. B at 6–7.

[6] Ex. D, Plaintiff's notice to Wiley and proof of receipt.

**B.      Defendant's Pirated Book Library**

20.      Defendant assembled a large central library of digitized books for its internal use.[7]

21.      In 2021 and 2022, Defendant downloaded millions of pirated books from online pirate libraries, including LibGen and PiLiMi.[8]

22.      In June 2021, Defendant downloaded at least five million books from LibGen, which Defendant knew contained pirated books. In July 2022, Defendant downloaded at least two million books from PiLiMi, which Defendant likewise knew contained pirated books.[9]

23.      The LibGen and PiLiMi downloads consisted of full-text ebooks or scans of books in formats including .pdf, .txt, and .epub, together with bibliographic metadata including title, author, and ISBN.[10]

24.      Defendant retained the pirated books in a central "research library" or "generalized data area" as a permanent, general-purpose resource. Defendant planned to "store everything forever" and saw "no compelling reason" to delete any books.[11]

25.      Defendant's downloading, reproduction, storage, and retention of pirated books was without authorization from Plaintiff.

---

[7] *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, ECF No. 231 at 1–2 (N.D. Cal. June 23, 2025).

[8] Id. at 2–3; *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, ECF No. 244 at 1–3 (N.D. Cal. July 17, 2025).

[9] ECF No. 231 at 3; ECF No. 244 at 2–3.

[10] ECF No. 231 at 3; ECF No. 244 at 2, 4, 15–16.

[11] ECF No. 231 at 4–5; ECF No. 244 at 3.

4

## C.    Defendant's Infringement of the Work

26.    The Work appears on the Bartz Works List associated with the versions of LibGen and/or PiLiMi downloaded by Defendant.[12]

27.    The Work was identified by title, authors, registration number, and ISBN.[13]

28.    The Work was added to LibGen on June 4, 2011 and last modified on December 21, 2019, before Defendant downloaded the LibGen collection in June 2021.[14]

29.    Plaintiff timely opted out of the *Bartz* settlement and is not bound by it.[15]

30.    On information and belief, Defendant downloaded, reproduced, stored, and retained one or more unauthorized copies of the Work as part of its pirated book library.[16]

31.    Plaintiff did not discover, and reasonably could not have discovered, Defendant's unauthorized downloading, reproduction, storage, and retention of the Work until the facts concerning Defendant's pirated book library became publicly available through filings in *Bartz* in 2025, and Plaintiff later confirmed that the Work appeared on the Bartz Works List.

32.    Defendant's infringement was willful because Defendant knowingly downloaded and retained books from sources it understood to contain unauthorized copies, including LibGen and PiLiMi.[17]

33.    Defendant's unauthorized reproduction, storage, and retention of the Work infringed Plaintiff's exclusive rights under the Copyright Act.

---

[12] ECF No. 244 at 30–31; Ex. E, Bartz Works List entry for *Hacking World of Warcraft*.

[13] Ex. E.

[14] Ex. F, LibGen screenshot for *Hacking World of Warcraft*.

[15] Ex. G, Plaintiff's opt-out submission letter and proof of receipt.

[16] ECF No. 231 at 2–5; ECF No. 244 at 30–31; Ex. E.

[17] ECF No. 231 at 2–3; ECF No. 244 at 2–3.

5

## CLAIM FOR RELIEF
### Copyright Infringement
### (17 U.S.C. § 501)

34.     Plaintiff repeats and realleges Paragraphs 1 through 33.

35.     Plaintiff is the beneficial owner of an exclusive right under the copyright in the Work and is entitled to sue for infringement under 17 U.S.C. § 501(b).

36.     Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by downloading, reproducing, storing, and retaining unauthorized copies of the Work, including as part of a centralized library of pirated books.[18]

37.     Defendant's infringement was willful.

38.     Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and grant the following relief:

A.     A judgment that Defendant infringed Plaintiff's exclusive rights under the copyright in the Work;

B.     Statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

C.     Preliminary and permanent injunctive relief under 17 U.S.C. § 502 as permitted by law;

D.     Impoundment and disposition of infringing copies and related materials under 17 U.S.C. § 503 as permitted by law;

---

[18] ECF No. 231 at 30–32.

6

E.  Costs and attorney's fees under 17 U.S.C. § 505 to the extent permitted by law;

F.  Prejudgment and post-judgment interest; and

G.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Daniel B. Gilbert
Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

Plaintiff, Pro Se

DATED: May 26, 2026

7

THIS CHECK HAS A COLORED BACKGROUND AND CONTAINS MULTIPLE SECURITY FEATURES - SEE BACK FOR DETAILS



**UMASSFIVE**
**COLLEGE FEDERAL CREDIT UNION**

**WARNING** The padlock icon is printed with ink that responds to warmth. Breathe on it the image will fade and reappear. Additional security features included. See back for details

131567

**CASHIER'S CHECK**

56-8027
2118

**DATE**
05/26/2026

**AMOUNT**
$********405.00

**PAY**   Four Hundred Five and 00/100************************************* DOLLARS

To
The
Order
Of   **Clerk, United States District Court**

Memo

*Authorized Signature*

⑈131567⑈ ⑆211880271⑆ 8220021938⑈