**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DANIEL BENJAMIN GILBERT,** | |
| Plaintiff, | |
| v. | Case No. 3:26-cv-30081-MGM |
| **ANTHROPIC PBC,** | |
| Defendant. | |

**ANTHROPIC PBC'S ANSWER, AFFIRMATIVE DEFENSES, AND
DECLARATORY JUDGMENT OF NO INFRINGEMENT COUNTERCLAIM
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Anthropic PBC ("Anthropic"), by and through the undersigned attorneys, hereby responds to the First Amended Complaint with the following Answer, Affirmative Defenses, and Declaratory Judgment Counterclaim.

**ANSWER**

Unless specifically admitted below, Anthropic denies each and every allegation in the First Amended Complaint. To the extent the headings of the First Amended Complaint are construed as allegations, they are denied and are provided for convenience only.

**NATURE OF THE ACTION**

1.      Anthropic admits that Plaintiff has asserted a claim for copyright infringement relating to the book *Hacking World of Warcraft* but denies the remaining allegations in Paragraph

**PARTIES**

2.      Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations.

3.      Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic is without knowledge or information sufficient to form

1

a belief as to the truth of the allegations in Paragraph 3 and thus denies the allegations.

4.      Admitted.

## JURISDICTION AND VENUE

5.      Admitted.

6.      For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, personal jurisdiction in other actions, Anthropic responds that it does not contest personal jurisdiction over it for this action only.

7.      Anthropic admits that it offers subscription-based products and services that are available to customers, including customers located in Massachusetts, and that it derives revenue from some of its customers. Anthropic denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 8.

9.      Denied.

10.      Anthropic admits that it offers subscription-based products and services related to its Claude models that are available to customers, including customers located in Massachusetts, and that it derives revenue from some of its customers. Anthropic denies the remaining allegations in Paragraph 10.

11.      Anthropic admits that Claude was first publicly released in March 2023 and that Anthropic offers subscription-based products and services related to its Claude models that are available to customers, including customers located in Massachusetts, and that it derives revenue from some of its customers. Anthropic denies the remaining allegations in Paragraph 11 and incorporates by reference its responses to the allegations contained in Paragraphs 59 and 62.

12.      Anthropic admits that Plaintiff purports to assert a claim for copyright infringement relating to the book *Hacking World of Warcraft* but denies the remaining allegations in Paragraph

2

12.

13.     Denied.

14.     Anthropic admits that it offers subscription-based products and services that are available to customers, including customers located in Massachusetts, and that it derives revenue from some of its customers. Anthropic denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic does not contest personal jurisdiction for this action only and denies the remaining allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 purport to summarize or characterize the contents of the Massachusetts Secretary of the Commonwealth, Corporations Division, Business Entity Summary for Anthropic PBC (archived at https://perma.cc/Z8VU-R8EA), this record speaks for itself and is public information which requires no admission or denial. Consistent with Anthropic's responses to Paragraphs 6–15, Anthropic does not contest personal jurisdiction in this action only and denies the remaining allegations in Paragraph 16.

17.     For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, venue in other actions, admitted for this action only. Anthropic denies the remaining allegations set forth in Paragraph 17.

## FACTUAL ALLEGATIONS

18.     Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations.

19.     Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies the allegations.

20.     Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 20.

21.    To the extent the allegations set forth in Paragraph 21 purport to summarize or characterize the contents of Exhibit A, the exhibit speaks for itself. The content of the copyright registration is public information which requires no admission or denial. To the extent a response is deemed required, admitted that a copyright registration in Exhibit A ("Copyright Registration Certificate") purports to cover the Work, bears Registration No. TX 7-204-548, and lists the July 7, 2008 registration date.

22.    To the extent the allegations set forth in Paragraph 22 purport to summarize or characterize the contents of Exhibit A, the exhibit speaks for itself. The content of the copyright registration is public information which requires no admission or denial.  To the extent a response is deemed required, admitted that the copyright registration in Exhibit A lists Daniel Gilbert and James Whitehead II as authors and Wiley Publishing, Inc. as the copyright claimant by written agreement.

23.    Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies the allegations.

24.    Anthropic admits Exhibit B ("Publishing Agreement (Redacted)") appears to be the Publishing Agreement between Plaintiff and Wiley Publishing, Inc. with respect to *Hacking World of Warcraft*, dated July 20, 2006. To the extent the allegations set forth in Paragraph 24 purport to summarize or characterize the contents of Exhibit B, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.    Anthropic admits Exhibit C ("January 29, 2007 Amendment to the Publishing Agreement (Redacted)") appears to be an Amendment to the Publishing Agreement between Plaintiff and Wiley Publishing, Inc. with respect to *Hacking World of Warcraft*. To the extent the allegations set forth in Paragraph 25 purport to summarize or characterize the contents of Exhibit C, the exhibit speaks for itself and requires no admission or denial. To the extent a response is

4

deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.    Anthropic admits Exhibit D ("May 29, 2007 Amendment to the Publishing Agreement") appears to be an Amendment to the Publishing Agreement between Plaintiff and Wiley Publishing, Inc. with respect to *Hacking World of Warcraft*, dated May 29, 2007. To the extent the allegations set forth in Paragraph 26 purport to summarize or characterize the contents of Exhibit D, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27.    Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies the allegations.

28.    Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.    Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 29.

30.    Denied.

31.    To the extent the allegations set forth in Paragraph 31 purport to summarize or characterize the contents of Exhibits B, the exhibit speaks for itself and requires no admission or denial. Anthropic denies the remaining allegations in Paragraph 31.

32.    Anthropic admits that the language at paragraph 16 of Exhibit B is quoted in Paragraph 32. To the extent Paragraph 32 states a legal conclusion, no response is required. Anthropic is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies the allegations.

33.    Anthropic admits Exhibit E ("Plaintiff's Notice of Infringement to Wiley and Proof

5

of Receipt") appears to be a letter from Plaintiff to John Wiley & Sons, Inc. and a U.S. Postal Service Certified Mail Receipt, both dated January 9, 2026. To the extent the allegations set forth in Paragraph 33 purport to summarize or characterize the contents of Exhibit E, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. To the extent the allegations set forth in Paragraph 34 purport to summarize or characterize the contents of Exhibits B and E, the exhibits speak for themselves and require no admission or denial. Anthropic is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies the allegations.

35. Anthropic admits Exhibit F ("Communication from Wiley's Legal Counsel") appears to be an email from James Minatel, Associate Publisher at John Wiley & Sons, Inc., to Plaintiff, dated June 23, 2026. To the extent the allegations set forth in Paragraph 35 purport to summarize or characterize the contents of Exhibit F, the exhibit speaks for itself and requires no admission or denial. The remaining allegations are comprised of legal conclusions to which no response is required. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36. Anthropic admits Exhibit G ("Plaintiff's Notice of This Action to Wiley and Proof of Receipt") appears to be a letter from Plaintiff to John Wiley & Sons, Inc., a U.S. Postal Service Certified Mail Receipt, and an email from Plaintiff to James Minatel at Wiley, all dated June 23, 2026. To the extent the allegations set forth in Paragraph 36 purport to summarize or characterize the contents of Exhibit G, the exhibit speaks for itself and requires no admission or denial. Anthropic is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies the allegations.

37. To the extent the allegations set forth in Paragraph 37 purport to summarize or

characterize the contents of Exhibits B–G, the exhibits speak for themselves and require no admission or denial. The allegations also contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations in Paragraph 37, including that Plaintiff is entitled to any recovery in this action.

38.     Anthropic admits Exhibit H ("Declaration of Non-Objection by James Whitehead II") appears to be a declaration by James Whitehead II, executed on June 24, 2026. To the extent Paragraph 38 purports to summarize or characterize the contents of Exhibit H, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39.     To the extent the allegations in Paragraph 39 purport to provide legal conclusions, no response is required. As to the remaining allegations, Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies the allegations.

40.     Anthropic admits Exhibit I ("Covenant Not to Sue Anthropic PBC by James Whitehead II") appears to be a covenant not to sue Anthropic PBC by James Whitehead II, executed on June 24, 2026. To the extent Paragraph 40 purports to summarize or characterize the contents of Exhibit I, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41.     Paragraph 41 characterizes Plaintiff's pleading and states legal conclusions to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 41.

42.     Anthropic admits that Wiley has not been joined as a party to this action and restates and incorporates by reference its responses to the allegations contained in Paragraphs 33–37. As

7

to any legal conclusions asserted in Paragraph 42, no response is required. Anthropic is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies the allegations.

43.    Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44.    Anthropic admits that Whitehead has not been joined as a party to this action and restates and incorporates by reference its responses to the allegations contained in Paragraphs 38 and 40. Anthropic denies the remaining allegations in Paragraph 44.

45.    Denied.

46.    Anthropic admits that it downloaded certain books in 2021 and 2022 for the fair use purposes of training its highly-transformative large-language models ("LLMs"). Anthropic denies the remaining allegations and legal conclusions in Paragraph 46.

47.    Anthropic admits that it downloaded certain books in 2021 and 2022 from LibGen and PiLiMi. Anthropic denies the remaining allegations and legal conclusions in Paragraph 47.

48.    To the extent the allegations set forth in Paragraph 51 purport to summarize or characterize the contents of *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, ECF No. 244 (N.D. Cal. July 17, 2025) ("*Bartz* Class Certification Order"), ECF No. 1 (N.D. Cal. Aug. 19, 2024) ("*Bartz* Class-Action Complaint"), and ECF No. 363-3 (Sept. 5, 2025) ("*Bartz* Settlement Agreement"), the records speak for themselves. The contents of the records are public information which requires no admission or denial.  Except as expressly admitted, Anthropic denies the remaining allegations and/or legal conclusions in Paragraph 48.

49.    Denied.

50.    Anthropic denies the allegations in Paragraph 50 including that any authorization or license was required.

51.    To the extent the allegations set forth in Paragraph 51 purport to summarize or characterize the contents of *Bartz* Class Certification Order, Class-Action Complaint, and Settlement Agreement, the records speak for themselves. The contents of the records are public information which requires no admission or denial.  To the extent a response is required, Anthropic admits that certain parties commenced the *Bartz* class action, that the parties reached a settlement, and that the *Bartz* Works List is searchable. Except as expressly admitted, Anthropic denies the remaining allegations and/or legal conclusions in Paragraph 51.

52.    Anthropic admits Exhibit J ("*Bartz* Works List Entry") appears to be an Attestation of Plaintiff and a screenshot of https://secure.anthropiccopyrightsettlement.com/lookup upon searching *Hacking World of Warcraft* by title. To the extent Paragraph 52 purports to summarize or characterize the contents of Exhibit J and the *Bartz* Settlement Agreement, the records speak for themselves. The contents of the Exhibit J and the *Bartz* Settlement Agreement are public information which requires no admission or denial. Anthropic otherwise denies the remaining allegations and/or legal conclusions in Paragraph 52.

53.    Anthropic admits Exhibit K ("LibGen Screenshot") appears to be an Attestation of Plaintiff and a screenshot of the LibGen Website for *Hacking World of Warcraft* at https://libgen.vg/edition.php?id=136270335 (archived at https://perma.cc/CQ6J-EBYT). To the extent Paragraph 53 purports to summarize or characterize the contents of Exhibit K and Anna's Archive Record for *Hacking World of Warcraft* (archived at https://perma.cc/G8WC-W5YF), the records speak for themselves. The contents of Exhibit K and Anna's Archive Record are public information which requires no admission or denial. Anthropic otherwise denies the remaining allegations and/or legal conclusions in Paragraph 53.

54.    Anthropic admits that Plaintiff purports to have opted the Work out of the *Bartz* settlement. The remaining allegations in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

55.    Anthropic admits Exhibit L ("Plaintiff's Opt-Out Submission Letter and Proof of

Receipt") appears to be a letter from Plaintiff to the *Bartz* Settlement Administrator, a U.S. Postal Service Certified Mail Receipt, and an automatic reply from the Anthropic Copyright Settlement email address to Plaintiff, all dated January 9, 2026. To the extent the allegations set forth in Paragraph 55 purport to summarize or characterize the contents of Exhibit L, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.     Anthropic admits Exhibit M ("Opt-Out Confirmation Email") appears to be an email from Plaintiff to the Anthropic Copyright Settlement email address, dated June 12, 2026, and a response email from the Settlement Administrator dated June 15, 2026. To the extent the allegations set forth Paragraph 56 purport to summarize or characterize the contents of Exhibit M, the exhibit speaks for itself and requires no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.     To the extent the allegations set forth Paragraph 57 purport to summarize or characterize the contents of Exhibits L and M and the *Bartz* Settlement Agreement, those records are public information which require no admission or denial. To the extent a response is deemed required, Anthropic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.     To the extent the allegations set forth in Paragraph 58 purport to summarize or characterize the contents of the *Bartz* Settlement Agreement, the record speaks for itself. The contents of the *Bartz* Settlement Agreement is public information which requires no admission or denial.  As to any legal conclusions in Paragraph 58, no response is required; and to the extent a response is deemed required, denied.

59.     To the extent the allegations in Paragraph 59 purport to summarize or characterize the contents of Exhibits J and K and the *Bartz* Settlement Agreement, *Bartz* Class Certification

Order, and *Bartz v. Anthropic PBC,* No. 3:24-cv-05417-WHA, ECF No. 231 (N.D. Cal. June 23, 2025) ("*Bartz* Fair Use Order"), the records speak for themselves. The contents of the *Bartz* Settlement Agreement, Class Certification Order, and Fair Use Order are public information which require no admission or denial. Anthropic incorporates by reference its responses to Paragraphs 52–53 and otherwise denies the allegations in Paragraph 59.

60.    To the extent certain allegations set forth in Paragraph 60 purport to summarize or characterize the contents of the *Bartz* Fair Use and Class Certification Orders, the Orders speak for themselves. The contents of the Orders are public information which requires no admission or denial; and to the extent a response is deemed required, denied. Anthropic otherwise denies the allegations in Paragraph 60.

61.    Denied.

62.    To the extent the allegations in Paragraph 62 purport to summarize or characterize the contents of the *Bartz* Fair Use Order, the Order speaks for itself. The contents of the *Bartz* Fair Use Order is public information which requires no admission or denial. Anthropic otherwise denies the allegations and legal conclusions in Paragraph 62.

63.    Denied.

64.    Admitted that Anthropic never offered any unauthorized copies of the Work for sale or displayed the Work online.  Admitted that the download and/or use of any copy of the Work for the highly-transformative purpose of LLM training was done inside Anthropic's private systems, not visible to Plaintiff or the public.  Unless expressly admitted, Anthropic denies the remaining allegations and legal conclusions in Paragraph 64 (including but not limited to that it engaged in any infringement or otherwise unlawful conduct).

65.    Denied.

66.    Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 concerning unidentified "public discussion," and denies

the allegations in Paragraph 66.

67.    Denied.

68.    Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies the allegations.

69.    Anthropic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies the allegations. To the extent Paragraph 69 purports to summarize or characterize the contents of Exhibit J, the exhibit speaks for itself. The contents of Exhibit J is public information which requires no admission or denial. To the extent a response is required, denied.

70.    To the extent the allegations set forth in Paragraph 70 purport to summarize or characterize the contents of Exhibits L and M, the exhibits speak for themselves and require no admission or denial. Anthropic restates and incorporates by reference its responses to the allegations contained in Paragraphs 55–56. Anthropic is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies the remaining allegations.

71.    Anthropic admits that Plaintiff wrote to Defendant concerning alleged infringement of the work by letter dated January 31, 2026 and filed this action on May 26, 2026. To the extent the allegations set forth Paragraph 71 purport to summarize or characterize the contents of Exhibits E, L, and M, the exhibits speak for themselves and require no admission or denial. Anthropic restates and incorporates by reference its responses to the allegations contained in Paragraphs 33 and 55–56. Except as expressly admitted, Anthropic denies the remaining allegations in Paragraph 71.

72.    Denied.

73.    Denied.

74.    Paragraph 74 states a legal conclusion to which no response is required. To the

12

extent a response is deemed required, Anthropic denies the allegations in Paragraph 74.

75.    Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 75 and restates and incorporates by reference its responses to the allegations contained in Paragraphs 54–56 and 62.

## CLAIM FOR RELIEF

76.    Anthropic restates and incorporates by reference its responses to the allegations contained in Paragraphs 1–75 above as fully set forth herein

77.    Denied.

78.    Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is deemed required, Anthropic denies the allegations in Paragraph 78.

79.    Denied.

80.    Anthropic restates and incorporates by reference its responses to the allegations contained in Paragraphs 47 and 49 and denies the allegations in Paragraph 80.

81.    Anthropic denies the allegations set forth in Paragraph 81 including that any damages are proper.

## PRAYER FOR RELIEF

Regarding paragraphs A through G of PRAYER FOR RELIEF, Anthropic denies each and every claim for relief set forth by Plaintiff.

## AFFIRMATIVE DEFENSES

Anthropic asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Anthropic reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense.

13

## FIRST AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claim for direct copyright infringement fails, in whole or in part, based on fair use under 17 U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE

### (Copyright Standing)

Plaintiff's claim fails, in whole or in part, for lack of legal or beneficial ownership sufficient to establish standing to sue for copyright infringement.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Join a Necessary and Indispensable Party)

Plaintiff's claims are barred by reason of Plaintiff's failure to join an indispensable or necessary party.

## FOURTH AFFIRMATIVE DEFENSE

### (Works or Elements of Works Not Protectable by Copyright)

Plaintiff's claim fails, in whole or in part, to the extent Plaintiff claims rights to elements of the work or to the work which are not protectable under copyright law, such as under the doctrines of scènes à faire, merger, the idea/expression dichotomy, or under 17 U.S.C. § 102(b).

## FIFTH AFFIRMATIVE DEFENSE

### (De Minimis Copying)

Plaintiff's claim for copyright infringement fails, in whole or in part, because it is barred by the doctrine of *de minimis* copying.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Injury)

Plaintiff's claim fails, in whole or in part, because Plaintiff has not suffered and is not likely to suffer any injury or damages as a result of the conduct alleged of Anthropic in the First Amended

Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches)

Plaintiff's claim is barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

Plaintiff's claim fails, in whole or in part, because Plaintiff is not entitled to injunctive relief, including because Plaintiff has not articulated the nature, scope, or terms of the injunction sought, any injury to Plaintiff is not irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

To the extent Plaintiff establishes any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

## TENTH AFFIRMATIVE DEFENSE
### (Unconstitutional Damages)

Plaintiff seeks improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's remedies are barred at least in part by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

As a result of Plaintiff's own conduct, statements, and admissions, Plaintiff has waived any cause of action and/or claim for relief and thus is barred from maintaining such action or obtaining any judgment or relief against Anthropic.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Co-Ownership – Limitation of Recovery)

Plaintiff's recovery, if any, is limited to Plaintiff's own proportionate or beneficial ownership interest and does not extend to damages or other relief attributable to the interest of any co-author, publisher, or other co-owner or legal owner of the copyright or exclusive rights at issue, whether or not joined as a party.

## RESERVATION OF ADDITIONAL DEFENSES

Anthropic's investigation of the claim and its defenses is continuing. Anthropic has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Anthropic reserves the right to amend this Answer and/or its affirmative defenses.

## DECLARATORY JUDGMENT COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Anthropic PBC alleges the following counterclaim for declaratory judgment against Plaintiff and Counterclaim-Defendant Daniel Benjamin Gilbert.

## THE PARTIES

82. Anthropic PBC is a Delaware public benefit corporation with its principal place of business in San Francisco, California.

83.    Mr. Gilbert alleges that he is an individual residing in Easthampton, Massachusetts.

## JURISDICTION AND VENUE

84.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Anthropic's counterclaim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Anthropic and Mr. Gilbert within the meaning of 28 U.S.C. § 2201(a).

85.    This Court has personal jurisdiction over Mr. Gilbert. Mr. Gilbert resides in this District, and he consented to the Court's jurisdiction by filing this action.

86.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL BACKGROUND

87.    *Hacking World of Warcraft* was registered with the United States Copyright Office under Registration No. TX 7-204-548, effective July 7, 2008. The registration identifies Mr. Gilbert and James Whitehead II as authors and Wiley Publishing, Inc. ("Wiley") as the copyright claimant.

88.    Wiley, not Mr. Gilbert, is the legal owner of the copyright in the Work. Mr. Gilbert claims only a beneficial ownership interest in the exclusive reproduction right, arising from a royalty provision in a 2006 publishing agreement. Neither Wiley nor Whitehead has joined this action.

89.    Mr. Gilbert alleges that he excluded the Work from the settlement in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417 (N.D. Cal.), and that he is not bound by it.

90.    Mr. Gilbert contends that Anthropic downloaded, reproduced, stored, and retained an unauthorized copy of the Work as part of a purported "central library," that Anthropic acted willfully, and that he is entitled to enhanced statutory damages under 17 U.S.C. § 504(c), an injunction under 17 U.S.C. § 502, and impoundment and destruction under 17 U.S.C. § 503.

91.    Anthropic disputes each contention including, without limitation, that it has ever

intended to create or created a central, general-purpose library that purportedly included the Work.

92. Anthropic is a leading developer of Artificial Intelligence tools, based on its cutting-edge LLMs. Even if there was any acquisition, reproduction, retention, or use of the Work by Anthropic, those uses were for the highly-transformative purpose of training, developing, or otherwise operating Anthropic's LLMs and constitute a fair use under 17 U.S.C. § 107.

93. Although Mr. Gilbert focuses his First Amended Complaint on the reproduction of the Work and appears to repudiate any claim based on Anthropic's training of its LLMs, the relief he seeks is broad and all-encompassing. For example, he seeks an injunction under 17 U.S.C. § 502 and impoundment and destruction under 17 U.S.C. § 503 that would reach Anthropic's training, development, and offering of LLMs.

94. Mr. Gilbert further alleges in Paragraphs 62 and 74 that Anthropic reproduced the Work after May 26, 2023, that Anthropic retains the Work today, and that each such reproduction is a separate act of infringement. Mr. Gilbert therefore asserts rights against purported ongoing and future conduct including use of the Work in the highly-transformative training, developing, or otherwise operating LLMs.

95. The parties' dispute is definite and concrete, touches the legal relations of parties with adverse legal interests, and is of sufficient immediacy and reality to warrant declaratory relief. Adjudication of Mr. Gilbert's claim alone would leave Anthropic exposed to renewed assertion of the same asserted rights, including in a later action brought on behalf of other rightsholders or focused on, for example, Anthropic's training of its LLMs.

## COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

96. Anthropic realleges and incorporates the allegations of the preceding Paragraphs 82 to 95 in this Counterclaim.

97. An actual controversy exists between Anthropic and Mr. Gilbert concerning

whether Anthropic has infringed any exclusive right in the Work in which Mr. Gilbert holds a valid interest.

98.    Anthropic has not infringed any exclusive right in the Work. To the extent Anthropic acquired, downloaded, stored, or retained the Work or any portion of it for training, developing, or offering Anthropic's LLMs, this constituted fair use under 17 U.S.C. § 107 and/or was otherwise non-infringing.

99.    Any download, reproduction, or use of the Work alleged in the First Amended Complaint was undertaken only in furtherance of the transformative purpose of developing and offering LLMs.

100.    Anthropic's use of the Work served a transformative purpose distinct from the Work's own. Anthropic used the Work, along with billions of other text corpora, to train LLMs that map statistical relationships between words so that they can generate new and original text in response to a user's prompt. That training process treats the Work the same way it treats any other fragment in the training set: not as a book to be read for its expressive content, but as a source of data among billions of other data points used to learn how language works.

101.    The model that results can draft emails, summarize documents, answer questions, and write source code across an open set of subjects having nothing to do with the Work's content.

102.    No output of that training process gives any user access to the Work. Anthropic's models do not serve the Work up to users, do not summarize it, and do not provide a substitute for buying or reading it.

103.    Mr. Gilbert does not allege that any model output reproduces the Work's expressive content. His claim is confined to Anthropic's back-end use of a copy for training—an intermediate copy, at best—and not to any public-facing use that competes with or replaces the Work. That combination—an unrelated purpose, and no output that stands in for the original—is the hallmark of transformative use.

104.    That same transformative purpose also forecloses any cognizable market harm. Mr. Gilbert does not allege that any Anthropic LLM output has ever reproduced the Work's text or displaced a sale of the Work. Because no output stands in for the Work, Anthropic's use does not compete with the Work in the market where the Work is sold. A reader seeking instructions on modifying *Hacking World of Warcraft* gains nothing from Anthropic's use that substitutes for the Work's specific technical content. Nor did Anthropic's use displace any functioning or plausible licensing market, let alone one Mr. Gilbert was entitled to control under the Copyright Act. No functioning market existed for licensing the Work for model training.

105.    These factors—among others to be developed in discovery—confirm that any use of Mr. Gilbert's Work for LLM training is fair and does not constitute copyright infringement. The acquisition of the Work was similarly a fair use under the Copyright Act as it was done for the sole purpose of transformative training.

106.    For the reasons above, Anthropic seeks a declaratory judgment under at least 28 U.S.C. §§ 2201, 2202 that Anthropic does not infringe Plaintiff's alleged copyright. Anthropic is entitled to a declaratory judgment that Anthropic does not infringe and has not infringed any right in the Work held by Mr. Gilbert, and that Anthropic is not liable to Mr. Gilbert for damages, injunctive relief, impoundment, or any other remedy.

### PRAYER FOR RELIEF

WHEREFORE, Anthropic requests that the Court enter judgment in its favor and grant the following relief:

A.    Dismiss the First Amended Complaint with prejudice and order that Mr. Gilbert take nothing;

B.    Declare that Anthropic does not infringe and has not infringed any right in the Work held by Mr. Gilbert, including because any reproduction or use of the Work was fair use under 17 U.S.C. § 107;

C.      Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Anthropic demands a trial by jury on all issues so triable.


Dated:   July 29, 2026                          Respectfully submitted,

                                                */s/ Lauren Papenhausen*
                                                Lauren Papenhausen (BBO# 655527)
                                                **WHITE & CASE LLP**
                                                75 State St.
                                                Boston, MA 02109-1814
                                                Telephone: (617) 979-9300
                                                Facsimile: (617) 979-9301
                                                lauren.papenhausen@whitecase.com

                                                Yar R. Chaikovsky (*pro hac vice*)
                                                Andy LeGolvan (*pro hac vice*)
                                                Amir Jabbari (*pro hac vice*)
                                                **WHITE & CASE LLP**
                                                3000 El Camino Real
                                                2 Palo Alto Square, Suite 900
                                                Palo Alto, CA 94306-2109
                                                Telephone: (650) 213-0300
                                                Facsimile: (650) 213-8158
                                                yar.chaikovsky@whitecase.com
                                                andy.legolvan@whitecase.com
                                                amir.jabbari@whitecase.com

                                                Anna B. Naydonov (*pro hac vice*)
                                                **WHITE & CASE LLP**
                                                701 13th St. NW # 600
                                                Washington, DC 20005-3807
                                                Telephone: (202) 626-3600
                                                Facsimile: (202) 639-9355
                                                anna.naydonov@whitecase.com

                                                *Attorneys for Defendant Anthropic PBC*

## CERTIFICATE OF SERVICE

I, Lauren Papenhausen, hereby certify that on July 29, 2026, I caused a true and accurate copy of the foregoing to be served on counsel and parties of record by CM/ECF.

/s/ Lauren Papenhausen
Lauren Papenhausen

22