UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BENJAMIN GILBERT,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant and<br>Counterclaim-Plaintiff. | Civil Action No. 3:26-cv-30081-MGM |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)**

Pursuant to Local Rule 16.1(d), and after holding the conference required by Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), Plaintiff Daniel Benjamin Gilbert (appearing *pro se*) and Defendant Anthropic PBC (together, the "parties") respectfully submit the following joint statement in advance of the Fed. R. Civ. P. 16(b) scheduling conference.

## I. Agenda for the Scheduling Conference

The parties ask that the Court enter the proposed pretrial schedule set forth in Section II below. Given the early stage of the proceedings, the parties will attempt to resolve or narrow any disagreements that arise regarding the scope of discovery without intervention by the Court. In addition to the pretrial schedule, the parties anticipate that the scheduling conference agenda will include discussion of the possible narrowing or resolution of the claims and the setting of a settlement conference or other form of alternative dispute resolution.

## II. Discovery Plan and Schedule

The parties agree that the discovery limitations set forth in Local Rule 26.1(c) are reasonable and appropriate given the size and nature of this case. The parties have already exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties have conferred and propose the following pretrial schedule:

| **Event** | **Deadline** |
|---|---|
| Deadline to amend the pleadings with leave of court (Fed. R. Civ. P. 15) and for joinder of additional parties (Fed. R. Civ. P. 19 and 20) | October 29, 2026 |
| Deadline to serve requests for production of documents, interrogatories, and requests for admission | May 14, 2027 |
| Deadline to complete fact discovery | June 14, 2027 |
| Plaintiff's trial-expert designations and reports (Fed. R. Civ. P. 26(a)(2)) | July 5, 2027 |
| Defendant's trial-expert designations and reports (Fed. R. Civ. P. 26(a)(2)) | August 13, 2027 |
| Rebuttal expert designations and reports | September 13, 2027 |
| Deadline to complete expert discovery (expert depositions) | October 12, 2027 |
| Deadline to file dispositive motions | November 26, 2027 |
| Deadline to file oppositions to dispositive motions | 45 days after the motion is filed |
| Deadline to file replies in support of dispositive motions | 21 days after the opposition is filed |
| Hearing on dispositive motions | To be scheduled by the Court |
| Deadline to file Daubert motions | 60 days after the Court's ruling on any dispositive motions; or, if no dispositive motions are filed, December 17, 2027 |
| Final pretrial conference and trial | To be scheduled by the Court |

## III. Subjects of Discovery

Pursuant to Fed. R. Civ. P. 26(f)(3)(B), Defendant states that discovery may be needed regarding at least the following subjects:

- Plaintiff's claimed status as a beneficial owner of the copyright in the Work and his royalty interest, including the registration and chain of title, the publishing agreement, the assignment of rights to John Wiley & Sons, Inc., and the scope of any rights retained by Plaintiff;
- Plaintiff's notice to Wiley under Paragraph 16 of the publishing agreement and all related communications with Wiley concerning the claims, including Wiley's response and Wiley's participation in the Bartz settlement;
- The authorship of the Work, including the co-authorship of James Whitehead II, his covenant not to sue, and any agreement between Plaintiff and Whitehead regarding the claims or any recovery;
- The factual bases for Plaintiff's allegations that Defendant reproduced the Work, including the provenance, authenticity, and timing of the LibGen and Anna's Archive records on which Plaintiff relies;
- Defendant's acquisition, retention, and use of the Work;
- Any licensing of the Work and the market for the Work, including for electronic or artificial-intelligence-related uses;
- The timing and circumstances of Plaintiff's discovery of the alleged infringement;
- The factual basis for Plaintiff's allegation of willful infringement; and
- Plaintiff's alleged damages, including any election of statutory damages and any compensation or recovery received in connection with the Work, including under the *Bartz* settlement.

Pursuant to Fed. R. Civ. P. 26(f)(3)(B), Plaintiff states that discovery may be needed regarding at least the following subjects:

- Defendant’s acquisition of the Work and of the repositories containing it, including the decisions involved in acquiring those repositories, the personnel involved, Defendant’s knowledge of their contents and provenance, and the means, sources, and dates of acquisition;
- Records identifying the copies of the Work in Defendant’s possession, custody, or control at any time, including file names, hash values, and file-level and acquisition metadata;

- Defendant's central library of downloaded works, including its creation, storage, maintenance, backup, and migration, the personnel responsible for it, and the reproductions of the Work made after acquisition and their dates;
- Defendant's retention of the Work, its preservation of discoverable information, and its compliance with the deletion and certification provisions of the Bartz settlement;
- Defendant's acquisition of books and text from lawful sources for use in developing its products, including licenses and purchases and their costs; and
- Records of the Bartz settlement administrator concerning the exclusion of the Work and any claim covering the Work.

The parties do not believe that discovery should be conducted in phases. The parties reserve the right to revisit this issue as the case progresses.

## IV. Disclosure, Discovery, and Preservation of ESI and Claims of Privilege

The parties will meet and confer regarding the preservation and production of electronically stored information and the handling of claims of privilege. The parties will negotiate a confidentiality agreement governing the treatment of confidential material, consistent with the Court's Standing Order on Confidentiality Agreements, and anticipate requesting that the Court enter an order under Federal Rule of Evidence 502(d).

The parties have already exchanged correspondence regarding preservation, and each party has confirmed that it is preserving discoverable information. The parties will negotiate a privilege log protocol within 14 days after entry of the confidentiality order, and in any event before the first production of documents.

## V. Local Rule 16.1(d) Certifications

Each party has conferred as required by Local Rule 16.1(d)(3). Those certifications are attached as Exhibits 1 and 2.

## VI. Trial by Magistrate Judge

The parties have conferred and are not seeking to proceed with a trial before a Magistrate Judge.

## VII. Service of Papers

The parties consent under Fed. R. Civ. P. 5(b)(2)(E) to service by email of papers that are served but not filed. Service on Plaintiff shall be made to daniel.b.gilbert@gmail.com; service on Defendant shall be made to the email addresses of its counsel of record.

DATED: August 25, 2026

Respectfully submitted,

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

*Plaintiff, Pro Se*

*/s/ Lauren Papenhausen*
Lauren Papenhausen (BBO# 655527)
**White & Case LLP**
75 State St.
Boston, MA 02109
Tel: (617) 979-9300
lauren.papenhausen@whitecase.com

*Counsel for Defendant Anthropic PBC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2026, I caused this Joint Statement Pursuant to Local Rule 16.1(d) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously provide a copy of such filing to parties and counsel of record to their registered electronic mail addresses.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert