UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL BENJAMIN GILBERT,

Plaintiff and
Counterclaim-Defendant,

v.

ANTHROPIC PBC,

Defendant and
Counterclaim-Plaintiff.

Civil Action No. 3:26-cv-30081-MGM

# PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Daniel Benjamin Gilbert answers the Declaratory Judgment Counterclaim of Defendant and Counterclaim-Plaintiff Anthropic PBC (ECF No. 36) as follows. Each numbered paragraph below responds to the correspondingly numbered paragraph of the Counterclaim. The Counterclaim's headings and unnumbered text require no response; to the extent a response is deemed required, they are denied. Any allegation not expressly admitted is denied.

On August 22, 2026, Plaintiff executed and served on Anthropic an unconditional and irrevocable Covenant Not to Sue (the "Covenant," attached as Exhibit A) covering the use of Plaintiff's book *Hacking World of Warcraft* (the "Work") in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models, and covering all lawfully purchased copies of the Work, and reserving all claims arising from Pirate-Sourced Copies, including the claims pleaded in the First Amended Complaint. Contemporaneously with

this Answer, Plaintiff is moving to dismiss the Counterclaim in part under Rule 12(b)(1) or, in the alternative, for partial judgment on the pleadings under Rule 12(c), to the extent the Counterclaim seeks a declaratory judgment concerning that conduct. This Answer is filed subject to, and without waiver of, that motion.

## INTRODUCTION

82. Paragraph 82 characterizes Plaintiff's pleading and correspondence and states legal conclusions to which no response is required. To the extent a response is deemed required, denied, including specifically the allegation that Plaintiff claims or has claimed that Anthropic is precluded from asserting a fair use defense.

83. Admitted that the First Amended Complaint claims Anthropic's unauthorized downloading, reproduction, and retention of the Work and states that the claim "is for Defendant's unauthorized downloading and reproduction of the Work, not for model training." (FAC ¶ 12.) Denied that the First Amended Complaint disclaims challenge to all post-acquisition conduct; it expressly alleges additional post-acquisition acts of reproduction. (FAC ¶ 62.) Except as expressly admitted, the remainder of Paragraph 83 is denied.

84. Admitted that Plaintiff sent counsel for Anthropic correspondence, which speaks for itself. Denied that the acquisition of the Work served a single purpose, and denied that the acquisition was a fair use. Except as expressly admitted, the remainder of Paragraph 84 is denied.

85. Paragraph 85 states legal argument and conclusions to which no response is required. To the extent a response is deemed required, denied, including specifically that the acquisition of the Work existed only to enable LLM training and other LLM development activities.

86. Paragraph 86 states legal argument and conclusions to which no response is required. To the extent a response is deemed required, denied.

87. Paragraph 87 states legal argument and conclusions and characterizes judicial decisions that speak for themselves; no response is required. To the extent a response is deemed required, denied.

88. Paragraph 88 characterizes Plaintiff's pleading and correspondence and states legal argument and conclusions to which no response is required. To the extent a response is deemed required, denied.

89. Admitted that Anthropic seeks the declaration described in Paragraph 89. Denied that Anthropic is entitled to it or to any other relief.

**THE PARTIES**

90. Admitted.

91. Admitted that Plaintiff is an individual residing in Easthampton, Massachusetts; that he is a beneficial owner of the exclusive reproduction right in the Work; and that the Work is registered with the United States Copyright Office under Registration No. TX 7-204-548.

**JURISDICTION AND VENUE**

92. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiff admits that this Court has subject-matter jurisdiction over a counterclaim for declaratory judgment coextensive with the claims pleaded in the First Amended Complaint, and denies that an actual controversy exists between the parties concerning the fairness or lawfulness of the use of the Work in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models (such uses,

together, “Training Uses”) or concerning lawfully purchased copies of the Work (“Purchased Copies”), as defined in the Covenant.

93. Admitted.

94. Admitted.

## FACTUAL BACKGROUND

95. Admitted that Anthropic was founded in 2021 and is a Delaware public benefit corporation. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and on that basis denies them.

96. The publications cited in Paragraph 96 speak for themselves. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and on that basis denies them.

97. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis denies them.

98. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis denies them.

99. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies them.

100. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 100, and on that basis denies them; to the extent Paragraph 100 states characterizations or conclusions, no response is required, and to the extent one is deemed required, they are denied.

101. On the basis of Anthropic’s own allegations, admitted that Anthropic downloaded text files of books and other data from LibGen in 2021 and from PiLiMi in 2022, and that at least

some portion of the Work was included in what Anthropic downloaded. Denied that the downloads were for the sole purpose alleged; Anthropic's own Counterclaim alleges that it continues to use LibGen-sourced text to the present day. (Counterclaim ¶¶ 107 to 109.) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and on that basis denies them.

102. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies them.

103. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies them.

104. Admitted that Claude 1, Anthropic's first publicly available commercial model, launched in March 2023. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, and on that basis denies them.

105. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 105, and on that basis denies them; to the extent Paragraph 105 states characterizations or conclusions, no response is required, and to the extent one is deemed required, they are denied.

106. On the basis of Anthropic's own allegations, admitted that Anthropic purchased physical books on the open market, including a copy of the Work, and scanned them to create training datasets for one or more of its commercial models. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and on that basis denies them.

107. On the basis of Anthropic's own allegations, admitted that Anthropic continues to use text sourced from the LibGen database to the present day. Plaintiff lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and on that basis denies them.

108. On the basis of Anthropic's own allegations, admitted that Anthropic operates a Content Compare System ("CCS") whose reference dataset includes text sourced from LibGen. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and on that basis denies them.

109. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 109, and on that basis denies them; to the extent Paragraph 109 states characterizations or conclusions, no response is required, and to the extent one is deemed required, they are denied.

110. Admitted that Plaintiff filed this action on May 26, 2026, after excluding the Work from the settlement in *Bartz v. Anthropic PBC* by a timely, valid opt-out; the exclusion is a matter of record. (*Bartz*, ECF No. 619-3 at 258.) Except as expressly admitted, the remainder of Paragraph 110 is denied.

111. The proceedings and orders in *Bartz* are matters of record that speak for themselves, and the quoted language appears in the cited order. No response is required; to the extent one is deemed required, Plaintiff denies any characterization inconsistent with the records' text.

112. The cited order is a matter of record that speaks for itself. No response is required; to the extent one is deemed required, Plaintiff denies any characterization inconsistent with the order's text.

113. Denied that the *Bartz* court's finding was erroneous or unsupported by the record. Denied that Anthropic had no purpose for acquiring books other than developing LLMs, and

denied that Anthropic's sole purpose at all times was as alleged; Anthropic's own Counterclaim alleges continued use of LibGen-sourced text for other functions to the present day. (Counterclaim ¶¶ 107 to 109.) Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and on that basis denies them.

114. The cited orders are matters of record that speak for themselves. No response is required; to the extent one is deemed required, Plaintiff denies any characterization inconsistent with the orders' text.

115. The cited decision is a matter of record that speaks for itself, and the quoted language appears in it. No response is required; to the extent one is deemed required, Plaintiff denies any characterization inconsistent with the decision's text.

116. The cited order is a matter of record that speaks for itself, and the quoted language appears in it. No response is required; to the extent one is deemed required, Plaintiff denies any characterization inconsistent with the order's text.

117. The *Bartz* settlement and final-approval order are matters of record that speak for themselves, and Plaintiff does not contest the settlement statistics recited from them. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and on that basis denies them.

118. Admitted that Plaintiff filed this action alleging copyright infringement arising from Anthropic's downloading and reproduction of the Work, after excluding the Work from the *Bartz* settlement by a timely, valid opt-out; the exclusion is a matter of record. (*Bartz*, ECF No. 619-3 at 258.) Except as expressly admitted, the remainder of Paragraph 118 is denied.

119. Admitted that the quoted language appears in Paragraph 8 of the First Amended Complaint, a jurisdictional allegation that speaks for itself. Denied any characterization inconsistent with the pleading's text.

120. Admitted that the quoted language appears in Paragraph 12 of the First Amended Complaint, which speaks for itself. Denied that Paragraph 12 is in tension with Paragraph 8, which likewise alleges that the library served Defendant's enterprise as a commercial resource. Except as expressly admitted, the remainder of Paragraph 120, including its characterizations, is denied.

121. Admitted that Anthropic filed a declaratory judgment counterclaim. Denied that the First Amended Complaint prevents, or could be construed as preventing, Anthropic from asserting a fair use defense to the claims it pleads: Plaintiff does not contest Anthropic's right to plead, take discovery on, and prove its affirmative defense of fair use to the claims pleaded in the First Amended Complaint, including the purpose and character of the accused copying. Except as expressly admitted, the remainder of Paragraph 121 is denied.

122. Admitted that Plaintiff sent counsel for Anthropic an email containing the quoted language; the email speaks for itself. Denied to the extent Paragraph 122 characterizes Plaintiff as having indicated an intention to seek dismissal of the counterclaim in whole rather than in part; the same email stated: "[T]he part of the counterclaim I'm moving against is the declaration about the fairness or lawfulness of the use of the Work in training, developing, offering, or operating Anthropic's LLMs (together, 'Training Uses')." Except as expressly admitted, the remainder of Paragraph 122, including its characterizations, is denied.

123. Admitted that Plaintiff sent counsel for Anthropic an email containing the quoted language; the email speaks for itself, and the first sentence quoted in Paragraph 123 read in full:

"In the alternative, I'll ask the Court to decline the Training Uses declaration under the DJA's grant of discretion (Wilton v. Seven Falls)." Denied that Plaintiff is attempting to preclude Anthropic from relying on any defense to the claims pleaded. Except as expressly admitted, the remainder of Paragraph 123 is denied.

124. Paragraph 124 states legal argument and conclusions to which no response is required. To the extent a response is deemed required, denied.

125. Admitted that the declaration Anthropic seeks turns on the same core conduct and operative facts underlying Plaintiff's claim, and that resolving it requires no separate proceeding. Denied that Plaintiff has construed his pleading as a "sever[ed]" (brackets in original) claim or as precluding consideration of Anthropic's fair use defense; Plaintiff's correspondence, which speaks for itself, stated: "Because fair use is evaluated use by use, the Training Uses declaration is a severable question, and partial dismissal is proper (Warhol v. Goldsmith)." The remainder of Paragraph 125 states characterizations and legal conclusions to which no response is required; to the extent a response is deemed required, denied.

**COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

126. Plaintiff restates and incorporates by reference his responses to Paragraphs 82 to 125 above.

127. Admitted that an actual controversy exists between the parties concerning whether Anthropic infringed the exclusive reproduction right in the Work, in which Plaintiff holds a beneficial ownership interest, through the acquisition, reproduction, and retention pleaded in the First Amended Complaint. Denied that any actual controversy exists between the parties

concerning Training Uses or Purchased Copies, as to which Plaintiff has executed and served the Covenant (Exhibit A). Except as expressly admitted, the remainder of Paragraph 127 is denied.

128. Denied that Anthropic has not infringed any exclusive right in the Work. The remainder of Paragraph 128 states legal conclusions to which no response is required; to the extent a response is deemed required, denied, including specifically that the acquisition, downloading, storage, or retention of the Work pleaded in the First Amended Complaint constituted fair use.

129. On the basis of Anthropic's own allegations, admitted that Anthropic downloaded some portion of text from the Work from LibGen and PiLiMi in 2021 and 2022, respectively. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and on that basis denies them.

130. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis denies them.

131. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies them.

132. Admitted that the First Amended Complaint does not allege that any research model output reproduces the Work's expressive content. Denied that the copies at issue are "intermediate" copies; the First Amended Complaint claims Anthropic's unauthorized acquisition, reproduction, and retention of copies of the Work, without regard to any use Anthropic later made or claims to have made of them. Stated fully: the First Amended Complaint claims every unauthorized reproduction of the Work made from a pirate-sourced copy, whenever made (FAC ¶¶ 61, 62, 74, 79), without regard to any use Anthropic later made or claims to have made of the copies, and Plaintiff states that construction as binding on him in this action and any

other. The remainder of Paragraph 132 states legal conclusions to which no response is required; to the extent a response is deemed required, denied.

133. Admitted only that the First Amended Complaint does not allege that any research model output has reproduced the Work's text or displaced a sale of the Work. The remainder of Paragraph 133 is denied as to the effect on the market for the Work of, and the harm from, the reproductions and retention pleaded in the First Amended Complaint; as to uses the First Amended Complaint does not challenge, it states characterizations and legal conclusions to which no response is required, and to the extent one is deemed required, it is denied.

134. Paragraph 134 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge; no response is required. To the extent a response is deemed required, denied.

135. Paragraph 135 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge; no response is required. To the extent a response is deemed required, denied.

136. Paragraph 136 states legal conclusions to which no response is required. To the extent a response is deemed required, denied, including specifically that the acquisition of the Work was a fair use.

137. On the basis of Anthropic's own allegations, admitted that Anthropic purchased a physical copy of the Work on the open market and scanned it for use in one or more training corpora. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis denies them. Further answering, the conduct alleged in Paragraphs 137 to 144 is covered by the Covenant (Exhibit A).

138. Paragraph 138 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge; no response is required. To the extent a response is deemed required, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations, and on that basis denies them; the remainder is denied.

139. Admitted that Anthropic's models can write code, draft emails, summarize documents, and answer questions. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and on that basis denies them.

140. Admitted that the First Amended Complaint does not allege that any model output reproduces the Work's expressive content; the First Amended Complaint asserts no claim concerning Purchased Copies. The remainder of Paragraph 140 states legal conclusions to which no response is required; to the extent a response is deemed required, denied.

141. Admitted only that the First Amended Complaint does not allege that any Anthropic LLM output has ever reproduced the Work's text or displaced a sale of the Work. The remainder of Paragraph 141 is denied as to the effect on the market for the Work of, and the harm from, the reproductions and retention pleaded in the First Amended Complaint; as to uses the First Amended Complaint does not challenge, it states characterizations and legal conclusions to which no response is required, and to the extent one is deemed required, it is denied.

142. Paragraph 142 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge; no response is required. To the extent a response is deemed required, denied.

143. Paragraph 143 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge; no response is required. To the extent a response is deemed required, denied.

144. Paragraph 144 states characterizations and legal conclusions concerning uses the First Amended Complaint does not challenge, and concerns conduct covered by the Covenant (Exhibit A); no response is required. To the extent a response is deemed required, denied.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is deemed required: Plaintiff does not challenge output-filtering guardrails as such, and denies that the reproduction or retention of LibGen-sourced copies of the Work, for that or any other purpose, was authorized or constituted fair use.

146. On the basis of Anthropic's own allegations, admitted that CCS uses text sourced from LibGen as a reference dataset. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 146, and on that basis denies them; to the extent Paragraph 146 states legal conclusions, no response is required, and to the extent one is deemed required, they are denied.

147. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 147, and on that basis denies them. The remainder of Paragraph 147 states characterizations and legal conclusions to which no response is required; to the extent a response is deemed required, denied.

148. Admitted only that Anthropic seeks a declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202. Denied that Anthropic is entitled to a declaratory judgment or to any other relief. Further answering, as to the remedies referenced in Paragraph 148: Plaintiff does not contend that Prayers C and D of the First Amended Complaint authorize

destruction or alteration of Anthropic's models; those prayers, each expressly qualified "to the extent permitted by law," seek statutory remedies under 17 U.S.C. §§ 502 and 503 directed at infringing copies of the Work. As used in Prayer D, "infringing copies and related materials" means the following, in any format or encoding: copies of the Work; files containing substantial portions of the Work's text verbatim; and files or archives that contain such copies or portions together with other content, only to the extent of those copies or portions. It does not mean models or model weights, or any other artifact that does not itself embody the Work or substantial verbatim portions of it, and Plaintiff does not contend otherwise. Prayer D does not seek the destruction or disablement of any guardrail, filtering, or comparison system as such; as to any such system, it reaches only the copies and portions described above within the system's reference data, and may be satisfied by their removal or destruction.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiff denies that Anthropic is entitled to any of the relief requested in its Prayer for Relief, paragraphs A through C, or to any other relief.

## RESPONSE TO JURY DEMAND

Anthropic's jury demand states no allegation and requires no response. Plaintiff demands a trial by jury on all issues so triable.

## DEFENSES

Plaintiff asserts the following defenses to the Counterclaim. By pleading them, Plaintiff assumes no burden of proof that otherwise rests on Anthropic.

**FIRST DEFENSE**

**(Mootness as to Training Uses and Purchased Copies)**

The Counterclaim fails, to the extent it seeks a declaratory judgment concerning Training Uses or Purchased Copies, because the Covenant extinguishes any actual controversy between the parties concerning that conduct, and the Court accordingly lacks subject-matter jurisdiction over those portions of the Counterclaim.

**SECOND DEFENSE**

**(No Actual Controversy as to Training Uses or Purchased Copies)**

The Counterclaim fails, to the extent it seeks a declaratory judgment concerning the fairness or lawfulness of the use of the Work in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models, or concerning lawfully purchased copies of the Work as defined in the Covenant, because no actual controversy exists or has existed between the parties concerning those subjects within the meaning of 28 U.S.C. § 2201(a), and the Court accordingly lacks subject-matter jurisdiction over that portion of the Counterclaim.

**THIRD DEFENSE**

**(Discretionary Declination)**

To the extent the Counterclaim seeks a declaratory judgment concerning Training Uses or Purchased Copies, it should be declined in the exercise of the Court's discretion under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

**FOURTH DEFENSE**

**(Redundancy)**

To the extent the Counterclaim seeks a declaration of non-infringement as to the acquisition, reproduction, and retention pleaded in the First Amended Complaint, it is the mirror

image of claims already before the Court and will be resolved with them; it presents no independent question.

**FIFTH DEFENSE**

**(Failure to State a Claim)**

The Counterclaim fails to state a claim upon which relief can be granted, to the extent it seeks adjudication of the fairness of uses not placed in controversy by any pleaded claim.

**RESERVATION OF ADDITIONAL DEFENSES**

Plaintiff has not knowingly or intentionally waived any applicable defense and reserves the right to assert additional defenses that become available or apparent, and to seek leave to amend this Answer, as permitted by the Federal Rules of Civil Procedure.

DATED: August 27, 2026

Respectfully submitted,

*/s/ Daniel B. Gilbert*

Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

*Plaintiff, Pro Se*

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I filed this document using the CM/ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert