UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BENJAMIN GILBERT,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant and<br>Counterclaim-Plaintiff. | Civil Action No. 3:26-cv-30081-MGM |

**PLAINTIFF'S MOTION TO DISMISS THE AMENDED COUNTERCLAIM IN PART OR, IN THE ALTERNATIVE, FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiff and Counterclaim-Defendant Daniel Benjamin Gilbert respectfully moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Declaratory Judgment Counterclaim of Defendant and Counterclaim-Plaintiff Anthropic PBC (ECF No. 36) in part, or, in the alternative, under Rule 12(c) for partial judgment on the pleadings, only to the extent the Counterclaim seeks a declaratory judgment, beyond the claims pleaded in the First Amended Complaint, concerning the fairness or lawfulness of the use of Plaintiff's book *Hacking World of Warcraft* (the "Work") in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models (such uses, together, "Training Uses"), or concerning Anthropic's lawfully purchased copies of the Work, including the purchased and scanned copy alleged at Paragraphs 137 to 144 of the Counterclaim (such copies, "Purchased Copies").

Plaintiff does not move against the remainder of the Counterclaim, which seeks a declaration coextensive with the claims pleaded in the First Amended Complaint and will be

resolved with them. Nor does Plaintiff move against Paragraphs 145 to 147 of the Counterclaim, which concern the operation of Anthropic's filtering guardrail and as to which Plaintiff seeks only the coextensive adjudication described in paragraph (c) of the prayer. The only dispute those paragraphs touch is the lawfulness of the LibGen-sourced reference copies within that system, and that dispute is within the claims pleaded in the First Amended Complaint, which reach every unauthorized reproduction of the Work made from a pirate-sourced copy (FAC ¶¶ 61, 62, 74, 79), as Plaintiff construes them and is bound. Nothing in this motion limits Anthropic's right to plead, take discovery on, and prove its affirmative defense of fair use to the claims pleaded in the First Amended Complaint, including the purpose and character of the accused copying.

On August 22, 2026, Plaintiff executed and served on Anthropic an unconditional and irrevocable Covenant Not to Sue (the "Covenant," filed as Exhibit A to Plaintiff's Answer to Amended Counterclaim, ECF No. 41-1) covering Training Uses and Purchased Copies. The Covenant is effective now, does not depend on any act of Anthropic or of this Court, and reserves all claims arising from Pirate-Sourced Copies, including the claims pleaded in the First Amended Complaint.

The grounds for this motion, set out in the accompanying memorandum of law filed pursuant to Local Rule 7.1(b)(1), are:

1. The Covenant extinguishes any actual controversy between the parties concerning Purchased Copies and, together with ground 2, Training Uses, and with it the Court's subject-matter jurisdiction over that portion of the Counterclaim. *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013). On those subjects the Covenant gives Anthropic more than the declaration it pleads for: protection effective immediately, irrevocable, and not subject to appeal.

2. Independently, no actual controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), has at any time existed on the operative pleadings between these parties concerning those subjects. The First Amended Complaint claims unauthorized downloading and reproduction of the Work, expressly disclaims any claim for model training (FAC ¶ 12), and pleads no claim concerning Purchased Copies. Anthropic's declaratory theory reduces to a disagreement about how its fair use defense to the pleaded claims should be analyzed; that disagreement will be adjudicated in defending those claims, and it is not a separate controversy about whether any use is fair.

3. In the alternative, the Court should decline to entertain that portion of the Counterclaim in the exercise of its discretion under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

4. In the further alternative, the Court should confirm that the Counterclaim will be adjudicated as coextensive with the claims pleaded in Plaintiff's operative complaint, on the same record, presenting no separate question concerning Training Uses or Purchased Copies, with the scope of discovery to be conformed to that confirmation at the Rule 16 conference or by later amendment of the scheduling order. The Counterclaim itself pleads that the declaration it seeks "turns on the same core conduct and operative facts underlying Mr. Gilbert's own claim," and that "[r]esolving it requires no separate proceeding—only that the Court consider the whole of the conduct Mr. Gilbert has put at issue." (Counterclaim ¶ 125.)

Because fair use is evaluated use by use, see *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023), the Training Uses declaration is a severable question, and partial dismissal is proper.

Plaintiff is filing his Answer to Amended Counterclaim contemporaneously with this motion. Because subject-matter jurisdiction may be raised at any time, Fed. R. Civ. P. 12(h)(3), and because the pleadings close upon the filing of that Answer, the motion is properly presented under Rule 12(b)(1) and, in the alternative, Rule 12(c).

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Dismiss the Counterclaim, only to the extent it seeks a declaratory judgment, beyond the claims pleaded in the First Amended Complaint, concerning the fairness or lawfulness of the use of the Work in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models (such uses, together, "Training Uses," as defined in the Covenant), or concerning Anthropic's lawfully purchased copies of the Work, including the purchased and scanned copy alleged at Paragraphs 137 to 144 of the Counterclaim (such copies, "Purchased Copies"), for lack of subject-matter jurisdiction under Rule 12(b)(1), without prejudice; this dismissal does not extend to Paragraphs 145 to 147 of the Counterclaim, which will be adjudicated with the claims pleaded in the First Amended Complaint, does not reach the fairness or lawfulness of any reproduction pleaded in the First Amended Complaint, and does not affect those claims, the defenses to them, or the remainder of the Counterclaim;

b. In the alternative, grant the motion under Rule 12(c) and dismiss that portion of the Counterclaim, as described in paragraph (a), without prejudice, or decline to entertain it in the exercise of the Court's discretion under 28 U.S.C. § 2201(a), on the same without-prejudice terms;

c. In addition to the relief in paragraph (a) or (b), or in the further alternative, order that the Counterclaim will be adjudicated as coextensive with the claims pleaded in Plaintiff's operative complaint, on the same record, presenting no separate question concerning Training

Uses or Purchased Copies, with the scope of discovery to be conformed to that order at the Rule 16 conference or by later amendment of the scheduling order, and providing that nothing in that order limits the discovery, evidence, or argument Anthropic may offer in support of its defenses to the claims pleaded in the First Amended Complaint; and

d. Grant such other relief as the Court deems just.

DATED: August 27, 2026

Respectfully submitted,

*/s/ Daniel B. Gilbert*

Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

*Plaintiff, Pro Se*

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I certify that I conferred in good faith with counsel for Defendant, by email, to resolve or narrow the issues presented by this motion, across two rounds spanning both versions of the Counterclaim.

On August 1, 2026, I wrote to Attorneys LeGolvan, Jabbari, Papenhausen, Chaikovsky, and Naydonov, identifying the portion of the original Counterclaim (ECF No. 28) at issue and offering two alternatives that would have resolved the issues without motion practice, including a stipulation confirming coextensive adjudication. Attorney LeGolvan responded the same day requesting a more detailed statement of grounds, which I provided that day.

On August 6, 2026, Attorney LeGolvan responded that Anthropic was still considering the grounds and might amend its pleading, and on August 14, 2026, he confirmed that Anthropic would file an amended answer and counterclaim by August 19, 2026, which it did (ECF No. 36).

On August 22, 2026, I wrote to Attorneys LeGolvan, Jabbari, Papenhausen, and Chaikovsky to confer regarding the amended Counterclaim, serving the executed Covenant, restating grounds for this motion, and renewing both alternatives, and requested Anthropic's position by August 27, 2026.

On August 27, 2026, Attorney LeGolvan responded, indicating that Anthropic does not assent to the motion or to any of the offered alternatives, and stating that "it is hard to see a path to resolution short of motion practice." Later that day, Attorney LeGolvan confirmed in writing that I may certify that the parties conferred in good faith but were unable to narrow the issues. As such, the parties conferred in good faith but were unable to resolve or narrow the issues.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I filed this document using the CM/ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert