UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BENJAMIN GILBERT,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant and<br>Counterclaim-Plaintiff. | Civil Action No. 3:26-cv-30081-MGM |

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION**
**TO DISMISS THE AMENDED COUNTERCLAIM IN PART**

Upon consideration of Plaintiff's Motion to Dismiss the Amended Counterclaim in Part or, in the Alternative, for Partial Judgment on the Pleadings (ECF No. 42), the memorandum in support, any opposition, and the record, it is hereby ORDERED:

1. The motion is GRANTED to the extent set forth below.

2. The Declaratory Judgment Counterclaim (ECF No. 36) is DISMISSED, without prejudice, to the extent it seeks a declaratory judgment concerning Anthropic's lawfully purchased copies of Plaintiff's book *Hacking World of Warcraft* (the "Work"), including the purchased and scanned copy alleged at Paragraphs 137 to 144 of the Counterclaim (such copies, "Purchased Copies"). In light of Plaintiff's unconditional and irrevocable Covenant Not to Sue (ECF No. 41-1), which covers "the acquisition, digitization, reproduction, retention, distribution, or use of any Purchased Copy, whether past, present, or future" without reservation, no actual controversy exists on that subject; that portion of the Counterclaim is moot, and the Court lacks

subject-matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013).

3. The Counterclaim is further DISMISSED, without prejudice, to the extent it seeks a declaratory judgment, beyond the claims pleaded in the First Amended Complaint, concerning the fairness or lawfulness of the use of the Work in the training, development, improvement, testing, offering, or operation of Anthropic's large-language models (such uses, together, "Training Uses," as defined in the Covenant). No actual controversy between these parties presents that question, 28 U.S.C. § 2201(a); in the alternative, the Court declines to entertain that portion of the Counterclaim in the exercise of its discretion under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). For clarity: Paragraphs 137 to 144 of the Counterclaim are dismissed in full; Paragraphs 129 to 136 survive insofar as they support the declaration of non-infringement as to the acquisition, reproduction, and retention pleaded in the First Amended Complaint.

4. This dismissal does not extend to Paragraphs 145 to 147 of the Counterclaim, does not reach the fairness or lawfulness of any reproduction pleaded in the First Amended Complaint, and does not affect the claims pleaded in the First Amended Complaint, the defenses to them, or the remainder of the Counterclaim.

5. The remainder of the Counterclaim will be adjudicated as coextensive with the claims pleaded in Plaintiff's operative complaint, on the same record, presenting no separate question concerning Training Uses or Purchased Copies, with the scope of discovery to be conformed to this Order at the Rule 16 conference or by later amendment of the scheduling order. See Fed. R. Civ. P. 16(c)(2)(A); 28 U.S.C. § 2201(a). Nothing in this Order limits the

discovery, evidence, or argument Anthropic may offer in support of its defenses to the claims pleaded in the First Amended Complaint.

6. Plaintiff is bound in this action by the constructions of his pleadings stated at Paragraphs 121, 132, and 148 of his Answer to the Amended Counterclaim.

SO ORDERED:

______________________________

MARK G. MASTROIANNI
United States District Judge