UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BENJAMIN GILBERT,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant and<br>Counterclaim-Plaintiff. | Civil Action No. 3:26-cv-30081-MGM<br><br>**Leave to file granted on September 17, 2026 (ECF No. 49)** |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COUNTERCLAIM IN PART OR, IN THE ALTERNATIVE, FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Four points in Anthropic's opposition (ECF No. 47, cited by ECF page number) call for a reply. On everything else, Plaintiff rests on his memorandum and its defined terms (ECF No. 43).

1. The opposition reads Plaintiff's Answer as permitting a fair use defense limited to whether keeping the Work was fair. (ECF No. 47 at 7, 12.) The Answer says: "Plaintiff does not contest Anthropic's right to plead, take discovery on, and prove its affirmative defense of fair use to the claims pleaded in the First Amended Complaint, including the purpose and character of the accused copying." (Answer ¶ 121.) The memorandum sentence the opposition relies on (ECF No. 43 at 16) describes the size of the pleaded case, not the scope of the defense. The purpose Anthropic alleges for the accused copying is training (Counterclaim ¶ 101), and Anthropic may prove that purpose in defending the claims pleaded. (ECF No. 43 at 10 to 11, 18.)

2. The opposition identifies no claim, threat, or dispute concerning Purchased Copies. It cites instead four passages of the First Amended Complaint. (ECF No. 47 at 12.)

Paragraph 8 describes Anthropic's "library of pirated books." Paragraph 10 describes "the enterprise through which Defendant reproduced and retained the Work without authorization." Paragraph 62 describes copies made in maintaining "the library in which it retained the Work." Prayer D seeks disposition of "infringing copies and related materials," which Answer ¶ 148 construes to exclude models and weights. The First Amended Complaint alleges infringement only by pirate-sourced copies. Each concerns the pirated library. The First Amended Complaint "asserts no claim concerning Purchased Copies" (Answer ¶ 140), and Anthropic pleads the purchased copy as a separate acquisition, begun "[a]fter shifting away from book text sourced from LibGen and PiLiMi for any commercial LLM." (Counterclaim ¶ 137.)

3. *Esoterix Genetic Laboratories LLC v. Qiagen Inc.*, No. 14-cv-13228-ADB, 2016 WL 4555613 (D. Mass. Aug. 31, 2016), does not help Anthropic. The covenant there ran only for the license term, preserved the plaintiff's license rights and its right to defend validity, and left standing the licensee's royalty counterclaim, which "depends on whether the underlying patents are valid or invalid." *Id.* at *4, *5. The Covenant here "is not conditioned on any act of any Anthropic Party or any outcome in the Action" (Covenant ¶ 2.2), and what depends on Anthropic's purpose is its defense to the reserved claims, adjudicated with them.

4. The opposition says that purpose "must be identified and assessed, not excised and ignored." (ECF No. 47 at 14.) That is also Plaintiff's position. (Answer ¶ 121.) If the Court is not inclined to dismiss, the confirmation requested in paragraph (c) of the motion (ECF No. 42) may add that the purpose and character of the accused copying will be "identified and assessed" in adjudicating Anthropic's defense to the claims pleaded.

For these reasons, Plaintiff requests the relief stated in his motion. (ECF No. 42.)

DATED: September 17, 2026

Respectfully submitted,

*/s/ Daniel B. Gilbert*

Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

*Plaintiff, Pro Se*

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2026, I filed this document using the CM/ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert