UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BENJAMIN GILBERT,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant and<br>Counterclaim-Plaintiff. | Civil Action No. 3:26-cv-30081-MGM |

**JOINT STIPULATION OF FACTS**

Plaintiff and Counterclaim-Defendant Daniel Benjamin Gilbert, pro se, and Defendant and Counterclaim-Plaintiff Anthropic PBC, by its undersigned counsel, stipulate as follows:

**DEFINITIONS**

A. The "Work" means the book *Hacking World of Warcraft* (U.S. Copyright Reg. No. TX 7-204-548).

B. "LibGen" means the online source known as Library Genesis, including any mirror or torrent access of its collection. LibGen does not include the online source known as Pirate Library Mirror ("PiLiMi") or the dataset known as Books3.

C. The "Work File" means the file bearing the MD5 hash value bf40048310daeb9aa562b6b70b0944e3 that Anthropic downloaded from LibGen.

D. "CCS" means the system Anthropic refers to as its Content Compare System.

**TERMS**

E. Each fact stated below is conclusively established for purposes of this action. It may be relied on for any purpose in this action, including on summary judgment and at trial, without further proof, and neither party will offer evidence or argument contrary to it. A fact may be amended or withdrawn only by a further written stipulation filed with the Court or by order of the Court. This paragraph does not bar evidence or argument offered in the conference following a notice under paragraph I, or in support of or in opposition to a motion for relief from a fact. This stipulation is made for this action only, and neither party will offer it, or the other party's agreement to any fact in it, against the other in any other proceeding.

F. This stipulation is not a complete statement of the facts relevant to the subjects it addresses, and either party may rely on additional facts consistent with the facts stated below. No inference shall be drawn from the absence of a stipulation on any matter.

G. This stipulation concerns facts only and is not an admission by either party on any legal issue, including copyright ownership, infringement, willfulness, or any defense. Each party maintains all of its claims, defenses, and pending motions.

H. This stipulation does not withdraw or narrow any discovery request or extend the time to respond to one; any withdrawal or narrowing of a request is by separate written agreement. Notwithstanding the foregoing, either party may argue that the stipulated facts bear on whether further discovery on the subjects of the stipulated facts is unduly burdensome or disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1), and the other party may oppose that argument. Neither party's agreement to this stipulation concedes any position on that question.

I. Anthropic represents that the facts stated below concerning its own conduct, systems, and models are true to the best of its knowledge after reasonable inquiry, and Plaintiff stipulates to them on that representation. If either party learns that a fact stated below is misleading or inaccurate in a material respect, it will notify the other in writing within 14 days, and the parties will confer on a corrected stipulation. A late notice does not waive any right under this stipulation.

J. The facts stated below are stipulated for purposes of this action only. No fact stated in this stipulation is an admission for any other purpose, and this stipulation may not be used against either party in any other proceeding, as Fed. R. Civ. P. 36(b) provides for an admission. Where a fact refers to data, text, systems, or conduct beyond the Work, the fact is established as stated, and neither party stipulates to any fact concerning any other work.

## FACTS

1. In or about June 2021, Anthropic downloaded a subset of the data made available by LibGen.

2. The data Anthropic downloaded from LibGen included a copy of the Work File. The Work File contains all or substantially all of the text of the Work. The Work File is the only file containing text of the Work that Anthropic downloaded from LibGen.

3. Anthropic did not download any text of the Work from any source other than LibGen, including PiLiMi and the dataset known as Books3. The data Anthropic downloaded from PiLiMi included metadata for the Work (title and author name) and no text of the Work. To the extent Anthropic's Amended Counterclaim (ECF No. 36) or Plaintiff's Answer to it (ECF No. 41) states or suggests otherwise, this paragraph supplants those allegations.

4. Anthropic has not, from June 2021 through the date of this stipulation, had a license, consent, permission, or authorization from any owner of a copyright interest in the Work to download the Work File or to reproduce any copy of text from it. This paragraph does not address whether any of Anthropic's conduct was fair use.

5. In 2021 and 2022, Anthropic made copies of text from the Work File and used the text, along with other sources of text, in training runs for large language models. As part of these training runs, Anthropic made one or more of the copies after January 8, 2022.

6. The research models that resulted from those training runs were not released publicly, and neither the research training runs nor the resulting models resulted in publishing, distributing, or otherwise making any text from the Work File publicly available.

7. In October 2022, Anthropic decided that no large language model it would release publicly would be trained on text from LibGen, and it removed the data it had downloaded from LibGen, including text from the Work File, from its future training corpuses. Anthropic has not used any text from the Work File to train any large language model since October 2022.

8. Claude 1, Anthropic's first publicly released large language model, was released in March 2023 and was not trained on any text from LibGen or text from the Work File.

9. Since downloading the Work File in June 2021 through the date of this stipulation, Anthropic has retained at least one copy of the Work File.

10. Anthropic used a copy of the Work File, along with other text from LibGen, as part of a reference dataset for Anthropic's CCS. CCS is a recitation checker: a tool that compares a candidate output against a reference dataset to determine whether Claude's generated output matches, or closely resembles, content in that dataset. Before Claude's output reaches a user, CCS checks it against the reference dataset and blocks matching text. CCS was first deployed for

use with Claude 1, a publicly available large language model, in March 2023, and it is in use with Claude models as of the date of this stipulation. The CCS reference dataset that includes the copy of the Work File was created in or around February 2024. Since February 3, 2024 through the date of this stipulation, a copy of the Work File has been in the CCS reference dataset. As part of developing and maintaining the CCS reference dataset, Anthropic has made at least one copy of the Work File since February 2024.

11. In August 2024, Anthropic bought books in bulk from a third-party seller, including a copy of the Work, scanned that copy, and has used the scanned copy to train Claude models.

STIPULATED AND AGREED:

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert
48 Parsons St Unit 6
Easthampton, MA 01027
(413) 265-1600
daniel.b.gilbert@gmail.com

*Plaintiff, Pro Se*

STIPULATED AND AGREED:

*/s/ Lauren Papenhausen*
Lauren Papenhausen (BBO# 655527)
**White & Case LLP**
75 State St.
Boston, MA 02109
Tel: (617) 979-9300
lauren.papenhausen@whitecase.com

*Counsel for Defendant Anthropic PBC*

DATED: November 19, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2026, I filed this document using the CM/ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Daniel B. Gilbert*
Daniel B. Gilbert